UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL F. KELLY and <br> MARY S. KELLY, <br><br> Plaintiffs, <br><br> v. <br><br> KAREN DRAKE <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C.A. §§1332, 1441, and 1446, defendant Karen Drake ("Ms. Drake") files this Notice of Removal of the above-captioned case from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts. In support of this notice of removal, Ms. Drake states as follow:

### CASE BACKGROUND AND BASIS FOR REMOVAL

1. On or about February 10, 2012, the plaintiffs commenced a civil action in the Norfolk Superior Court against Ms. Drake styled *Kelly v. Drake*, C.A. No. NOCV2014-00208 (the "State Court Action"). Plaintiffs' complaint asserts two counts against Ms. Drake, both of which arise from M.G.L. c. 21E.

2. As required by 28 U.S.C.A. §1446(a), attached as <u>Exhibit A</u> are copies of all process, pleadings and orders served upon Ms. Drake in the State Court Action.

3. The Notice of Removal is timely. Service of the complaint was completed on March 7, 2014. The Notice of Removal was filed prior to the expiration of 30 days from the date

of service. See 28 U.S.C.A. §1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 324 (1999).

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C.A. §1441(a) because the State Court Action is pending in Massachusetts.

## DIVERSITY JURISDICTION EXISTS

6. There is complete diversity between the parties to the State Court Action. As pled by the plaintiffs, they are residents of the Commonwealth of Massachusetts. Plaintiff Mary Kelly's primary residence is located at 53 Bancroft Rd., Wellesley, Massachusetts, plaintiff Paul Kelly's primary residence is located at 32 Vogel St., West Roxbury, Massachusetts, and defendant Karen Drake's primary residence is located at 184 Jones Rd., Hilsborough, New Hampshire.

7. The amount in controversy exceeds $75,000. Pursuant to the plaintiffs' Civil Action Cover Sheet, they allege that they are entitled to "approximately $50,000, but because this is an ongoing situation the full totality of the exposure is unknown" and remains to be determined. Plaintiffs have also alleged that they are also entitled to costs incurred in connection with this matter, including attorney's fees and interest. As a result, although the Civil Action Cover Sheet and plaintiffs' complaint articulates $50,000 in actual damages, the amount demanded in the initial pleading is in excess of $75,000. The Notice of Removal may state the

true amount in controversy where "the State practice . . . permits recovery of damages in excess of the amount demanded." 28 U.S.C.A. §1446(c)(2)(A)(ii).

8. "In calculating the amount in controversy, a federal court must examine relevant state law in determining the nature and extent of the damages which may be awarded." *Williams v. Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 90689, *14 (D. Mass., Aug. 15, 2011) (Wolf, J.) (citing *Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004)). "In addition, a court must take into account attorneys' fees when the award of those fees is statutorily authorized." *Id.* (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cit. 2001)). Accordingly, the court's determination of the amount in controversy in this case must account for Ms. Drake's alleged violation of M.G.L. c. 21E, which authorizes attorneys' fees for successful litigants. *See* M.G.L. c. 21E, §15.

9. Ms. Drake denies the allegations of the plaintiffs' complaint. However, taking those allegations as true on their face, as this Court must do in determining the propriety of removal, it is clear that the amount in controversy is in excess of $75,000.

10. Given the complete diversity of the parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. §1332, and this action is removable pursuant to 28 U.S.C. §1441.

11. This Notice of Removal has been served on plaintiffs' counsel. A Notice of Filing of Notice of Removal (attached as Exhibit B) will be filed in the Norfolk Superior Court upon the filing of this Notice of Removal.

WHEREFORE, defendant, Ms. Drake, hereby removes the above-captioned case from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts (Norfolk) and requests that further proceedings be conducted in this Court as provided by law.

Dated: March 12, 2014

Respectfully Submitted,
**KAREN DRAKE,**
By her Attorney,


    /s/Matthew J. Dunn
Matthew J. Dunn, Esq. (BBO# 654041)
**BERLUTI MCLAUGHLIN & KUTCHIN, LLP**
44 School Street, 9th Floor
Boston, MA 02108
Tel: (617) 557-3030
Fax: (617) 557-2939
mdunn@bmklegal.com


### Certificate of Service

I, Matthew J. Dunn, hereby certify that on March 12, 2014, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants and counsel for the plaintiffs, Justin T. Elliot, Esq., 56 Chestnut Hill Avenue, Boston, MA 02135, who has not yet made an appearance before this Court.

    /s/Matthew J. Dunn

# EXHIBIT A

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF NORFOLK | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Mary Kelly and Paul Kelly | Karen Drake |

| Plaintiff Atty | Patrick J. Sullivan, Heafitz & Sullivan | Type Defendant's Attorney Name |
|---|---|---|
| Address | 56 Chestnut Hill Ave | Defendant Atty |
| City | Boston  State MA  Zip Code 02135 | Address |
| Tel. | +1 (617) 562-1000  BBO# 548,752 | City  State  Zip Code |

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK                                    IS THIS A JURY CASE?

B21 Environmental - Fast Track                                                    [ ] Yes  [●] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                                    $_____
   2. Total doctor expenses                                                      $_____
   3. Total chiropractic expenses                                                $_____
   4. Total physical therapy expenses                                            $_____
   5. Total other expenses (describe)                                            $_____
                                                                    Subtotal     $_____
B. Documented lost wages and compensation to date                                $_____
C. Documented property damages to date                                           $_____
D. Reasonably anticipated future medical expenses                                $_____
E. Reasonably anticipated lost wages and compensation to date                    $_____
F. Other documented items of damages (describe)
                                                                                 $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Known damages are approximately $50,000 but as this is an ongoing
situation the full totality of the exposure is unknown and remains TBD.

Total $50,000
+ ongoing remediation

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant, a previous owner, caused a release and threat of release of oil on the property.
Defendant is liable pursuant to M.G.L. c. 21E.

TOTAL    $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____    Date: Feb. 10 2014

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    SUPERIOR COURT DEPT.
                                                C.A. NO.

PAUL F. KELLY,           )
MARY S. KELLY,           )
    Plaintiffs           )
                         )
v.                       )
                         )
KAREN DRAKE              )
    Defendant            )

## COMPLAINT

### PARTIES

1. Plaintiff, Mary Kelly is an individual with a primary residence at 53 Bancroft Rd. Wellesley MA.

2. Plaintiff, Paul Kelly is an individual with a primary residence at 32 Vogel St., West Roxbury, MA.

3. Defendant, Karen Drake is an individual with a residence at 184 Jones Rd., Hilsborough, 03244, New Hampshire.

### FACTS

4. Vito and Karen DeMatos purchased the Property at 337 Worcester Street, Wellesley Massachusetts as tenants by the entirety in 1985 pursuant to a deed recorded in the Norfolk County Registry of Deeds at Book 6582, Page 561.

5. Mary Kelly and Paul Kelly purchased 337 Worcester Street, Wellesley, Massachusetts (subsequently 53 Bancroft Rd) (hereinafter "the Property") from Vito and Karen DeMatos in 1991.

6. Vito Dematos is now deceased.

7. At some point in time after 1991, Karen DeMatos changed her name to Karen Drake (hereinafter she will be referred to as "Karen Drake" or "Ms. Drake").

8. Ms. Drake was both the showing agent of Mrs. Helen W. Priem Inc., the real estate brokerage company listing the Property in 1991, and also the owner of the Property.

9. In her position as a real estate broker, Ms. Drake had access to property information, history, and record databases.

10. Ms. Drake also possessed the usual and general knowledge befitting an owner of a property.

11. Ms. Drake provided the Kellys with a listing sheet, which she had involvement preparing as listing agent for Mrs. Helen W. Priem Inc., for the Property and which indicated the Property was fueled by gas.

12. All visible physical indications at the property showed the property was fueled by gas.

13. In 2012, Mary Kelly and Paul Kelly, listed the Property for sale and executed a Purchase and Sale Agreement with Jill and Ryan Dietz.

14. Subsequent thereto, the Kellys became aware of documents, to wit listing sheets obtained from the files of the successor in interest to Mrs. Helen W. Priem, Inc. that indicated the property was fueled by oil during Ms. Drake's possession of the property.

15. The listing sheets were obtained from the archives of Mrs. Helen W. Priem Inc., and Ms. Drake had involvement in preparing same in her capacity as both seller and listing broker.

16. The listing sheets discovered in 2012 were materially different from the listing sheet that the Kellys were actually given by Ms. Drake at the time they viewed and purchased the property from her.

17. The listing sheets name Karen DeMatos as the listing agent.

18. The listing of gas as the heating source in 1991, with no mention of oil nor any underground oil tank, actively concealed that an underground oil tank was ever used at any time on the property from Mary and Paul.

19. As Ms. Drake made no indication of oil and actively concealed any reason to suspect an oil tank and as no indicia of the property being fueled by oil was apparent from physical inspection, the Kellys were reasonable in relying on her representations as to the property.

20. In addition, records on file at the Wellesley Fire Department serve to memorialize an oil tank and/or burner inspection during Ms. Drake's ownership of the Property.

21. On or about April 1, 2013, tests were conducted on the Property to determine if a tank might be located on the Property.

22. On or about April 30, 2013, a tank was discovered on the Property.

23. A tank with approximately 100 gallons of oil remaining was located and removed.

24. At that time, a release was discovered which required notification to the Massachusetts Department of Environmental Protection (hereinafter "DEP") pursuant to M.G.L. c. 21E and 310 CMR 40.

25. Soil contamination was discovered on the property.

26. The release and contamination were reported to DEP.

27. Mary Kelly and Paul Kelly are in the process of remediating the property thorough a licensed site professional and in accordance with all DEP regulations and guidelines.

28. Pursuant to M.G.L. c. 21E, §4 on or about May 9, 2013, the Kellys sent a demand letter to Ms. Drake demanding reimbursement for cleanup costs at the Property.

29. On or about June 19, 2013, counsel for Ms. Drake responded denying that Ms. Drake had any knowledge and refusing to contribute to the remediation expense.

30. Sixty days have passed since the receipt of Ms. Drake's response letter.

31. During that time Plaintiff's counsel attempted in good faith to negotiate a settlement of the cleanup costs, but was unable to do so.

## COUNT I

32. The Plaintiffs, Mary Kelly and Paul Kelly, hereby incorporate paragraphs 1-31 above, herein.

33. Mary Kelly and Paul Kelly undertook the necessary and appropriate response action regarding the release and threat of release of oil at the Property.

34. Karen Drake is liable for said release and threat of release for the following reasons, including but not limited to:

   a. Being the only owner since 1985 to use oil on the Property;

b. Taking an underground storage tank out of service during the time of her ownership with Vito DeMatos but without complying with applicable laws;

c. Improperly decommissioning an underground oil tank;

d. Failing to notify the required authorities that an underground storage tank was being taken out of service;

e. Abandoning an underground oil tank on the property;

f. Leaving oil in the abandoned underground oil tank;

g. Removing from the proerty interior any pipes coming from the underground oil tank thereby concealing what remained behind basement walls;

h. Manipulating listing sheets to remove notice to potential buyers to suspect a previous heating source or have further reason to investigate the past presence of oil or concealment of an underground oil tank;

i. Removing and hiding any physical sign of an underground oil tank, thus obscuring the likelihood any subsequent owner would discover the threat of release caused by the acts of Ms. Drake and/or those for whom she remains responsible.

35. As outlined in paragraphs 1-34, Karen Drake caused the release on the Property.

36. As outlined in paragraphs 1-35, Karen Drake caused a threat of release on the Property.

37. As a result the Kellys were damaged.

38. Pursuant to M.G.L. c. 21E, §4, the Kellys are entitled to be reimbursed for the costs they incurred undertaking the cleanup of the release which Ms. Drake caused.

FROM MCH ONCOLOGY (FRI)MAR 7 2014 11:48/ST. 11:48/No. 7535942655 P 7

39. M.G.L. c. 21E, §11A(2) states: "Actions brought by persons other than the commonwealth pursuant to sections four or four A to recover reimbursement, contribution or equitable share shall be commenced within three years after the date the person seeking such recovery discovers or reasonably should have discovered that the person against whom the action is being brought is a person liable pursuant to the provisions of this chapter for the release or threat of release for which such costs or liability were incurred, or within three years of the time when the person bringing the action first learns of a material violation of an agreement entered into pursuant to section four A, or within three years after the person bring the action' incurs all response costs, or within three years after payment by the person seeking contribution, reimbursement, or an equitable share for liability pursuant to the provisions of this chapter, or within three years after sending notice pursuant to the first paragraph of section four A, whichever is later."

WHEREFORE the Plaintiffs, Mary Kelly and Paul Kelly, hereby demand judgment against the third-party Defendant, Karen Drake, plus costs incurred in connection with this matter, including attorney's fees, interest, and such other relief as this court may deem appropriate.

## COUNT II

40. The Plaintiffs, Mary Kelly and Paul Kelly, hereby incorporate paragraphs 1-39 above, herein.

41. Mary Kelly and Paul Kelly are undertaking the necessary and appropriate response action regarding the release and threat of release of oil at the Property.

42. Karen Drake is liable for said release and threat of release for the following reasons, including but not limited to:

   a. Being the only owner since 1985 to use oil on the Property;

   b. Taking an underground storage tank out of service during the time of her ownership with Vito DeMatos but without complying with applicable laws;

   c. Improperly decommissioning an underground oil tank;

d. Failing to notify the required authorities that an underground storage tank was being taken out of service;

e. Abandoning an underground oil tank on the property;

f. Leaving oil in the abandoned underground oil tank;

g. Removing from the proerty interior any pipes coming from the underground oil tank thereby concealing what remained behind basement walls;

h. Manipulating listing sheets to remove notice to potential buyers to suspect a previous heating source or have further reason to investigate the past presence of oil or concealment of an underground oil tank;

i. Removing and hiding any physical sign of an underground oil tank, thus obscuring the likelihood any subsequent owner would discover the threat of release caused by the acts of Ms. Drake and/or those for whom she remains responsible.

43. As outlined in paragraphs 1-42 above, Karen Drake caused the release on the property.

44. As outlined in paragraphs 1-43 above, Karen Drake caused a threat of release on the Property.

45. As a result the Kellys were damaged.

46. Pursuant to M.G.L. c. 21E, §4A, the Kellys are entitled to be reimbursed for the costs they incurred and will continue to incur undertaking the cleanup of the release which Ms. Drake caused.

47. M.G.L. c. 21E, §11A(2) states: "Actions brought by persons other than the commonwealth pursuant to sections four or four A to recover reimbursement, contribution or equitable share shall be commenced within three years after the date the person seeking such recovery discovers or reasonably should have

discovered that the person against whom the action is being brought is a person liable pursuant to the provisions of this chapter for the release or threat of release for which such costs or liability were incurred, or within three years of the time when the person bringing the action first learns of a material violation of an agreement entered into pursuant to section four A, or within three years after the person bring the action incurs all response costs, or within three years after payment by the person seeking contribution, reimbursement, or an equitable share for liability pursuant to the provisions of this chapter, or within three years after sending notice pursuant to the first paragraph of section four A, whichever is later."

WHEREFORE the Plaintiffs, Mary Kelly and Paul Kelly, hereby demand judgment against the Defendant, Karen Drake, plus costs incurred in connection with this matter, including attorney's fees, interest, and such other relief as this court may deem appropriate.

PAUL F. KELLY and MARY S. KELLY
By their Attorneys,

Dated: February 10, 2014

_____
Patrick J. Sullivan, Esq., BBO# 548752
Justin T. Elliott, Esq., BBO# 682526
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS               Superior Court Department.
                          Civil Action No. 2014-00208

PAUL F. KELLY and )
MARY S. KELLY, )
 )
    Plaintiffs, )
 )
v. )
 )
KAREN DRAKE )
 )
    Defendant. )

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that the above-captioned case has been removed from the Superior Court Department of the Trial Court, Norfolk County, to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal filed with the United States District Court is attached hereto as <u>Exhibit A</u>. In accordance with the provisions of 28 U.S.C.A. §1446(d), the filing of the Notice of Removal effects the removal of this action, and this Court may proceed no further unless and until the case is remanded.

Dated: March 12, 2014

Respectfully Submitted,
KAREN DRAKE,
By her Attorney,

_____
Matthew J. Dunn, Esq. (BBO# 654041)
BERLUTI MCLAUGHLIN & KUTCHIN, LLP
44 School Street, 9th Floor
Boston, MA 02108
Tel: (617) 557-3030
Fax: (617) 557-2939
mdunn@bmklegal.com

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 3/12/14